**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathy Ly,<br><br>            Plaintiff,<br><br>v.<br><br>Paragon Technology & Development Incorporated, et al.,<br><br>            Defendants. | No. CV-18-02465-PHX-DWL<br><br>**ORDER** |

This order is intended to address several recent developments in this case.

## BACKGROUND

In August 2018, this case was removed to federal court. (Doc. 1.)

In November 2018, the Court issued the scheduling order. (Doc. 23.) This order included a paragraph entitled "The Deadlines Are Real," which emphasized that "[t]he Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly." (*Id.* at 7.) The order also contained a different paragraph explaining that "the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts." (*Id.*)

Notwithstanding all of this, on April 26, 2019, the parties filed a joint notice explaining they hadn't engaged in any discovery since late January 2019 "in an effort to keep litigation costs down" because they were hopeful the case would settle. (Doc. 46 at 2.) This notice also reported that the parties had scheduled a mediation for mid-June 2019 and thus asked the Court to extend certain deadlines in the scheduling order. (*Id.*)

On April 30, 2019, the Court issued an order in which it granted the parties' extension request—even though it was contrary to the instructions in the scheduling order—and adopted the parties' proposed new deadlines. (Doc. 47.) The Court also noted that it would not rule on Defendants' pending motion to dismiss—which became fully briefed in March 2019 (Docs. 39, 42, 43)—pending the outcome of the mediation.

On June 25, 2019, the parties filed a status report explaining that the mediation had been "unsuccessful" and that they would therefore "be moving forward with litigation in this matter." (Doc. 49.)

However, on July 23, 2019, Plaintiff filed a "Motion to Enforce Settlement and Stay Discovery Deadlines." (Doc. 55.) In a nutshell, this motion argues that the parties continued engaging in settlement discussions after the failed mediation, that the parties "reached an enforceable settlement on July 9, 2019," and that Defendants have nevertheless "refuse[d] to perform" under the terms of that settlement agreement. (*Id.* at 1-2.) Thus, Plaintiff asks the Court "for an Order enforcing the parties' written settlement agreement and staying the discovery deadlines pending resolution of this Motion." (*Id.* at 2.)

The following day, on July 24, 2019, the parties filed a "Stipulation" in which they requested "a stay of all future deadlines in this case pending this Court's consideration and decision of Plaintiff's July 23, 2019 Motion to Enforce Settlement and Stay Discovery Deadlines [Doc. 53] and, if necessary, the pending and fully briefed Motion to Dismiss [Doc. 39] . . . ." (Doc. 57.)

**DISCUSSION**

A. <u>The Motion To Enforce</u>

As noted, Plaintiff filed a potentially case-dispositive motion on July 23, 2019 that asks the Court to determine whether the parties entered into a binding settlement agreement and, if so, to enforce that agreement. (Doc. 55.) Under Local Rule 7.2(c), Defendants had 14 days to respond to that motion. The 14-day deadline expired yesterday (August 6, 2019), yet no response has been filed.

Under Local Rule 7.2(i), if a party fails to "serve and file the required answering

memoranda . . . , such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." The Court would prefer not to summarily grant such an important motion, but Defendants' inexplicable failure to file a response is making it difficult to avoid that outcome. Thus, the Court will give Defendants one final opportunity to respond. Any response to the Motion to Enforce must be filed by this Friday, August 9, 2019. If it is not filed by then, the Court intends to summarily grant the motion.

B.  The Stipulation To Postpone All Case-Related Deadlines

The Court's standard practice is to refuse to extend case-management deadlines to accommodate settlement efforts. The parties persuaded the Court to disregard this practice once, when they filed their April 2019 request for an extension so they could pursue mediation. In their most recent stipulation (Doc. 57), they've requested yet another settlement-related extension.

This request will be denied. The parties have admitted they took a three-month time-out from discovery from January 2019 to April 2019 "in an effort to keep litigation costs down" and now want to take another time-out. They will not be permitted to do so.

Accordingly, **IT IS ORDERED** that:

(1)  Defendants must file a response to the pending "Motion to Enforce" by August 9, 2019; and

(2)  The parties' "First Stipulation to Stay Discovery Deadlines" (Doc. 57) is **denied**.

Dated this 7th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge