**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathy Ly, | No. CV-18-02465-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Paragon Technology & Development Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's application for entry of default. (Doc. 77.) For the following reasons, the application will be denied without prejudice.

As background, this action was initiated in August 2018, when Defendants removed it from state court. (Doc. 1.) In the ensuing 14 months, Defendants have vigorously litigated the case. Among other things, they filed an answer to the complaint in September 2018 (Doc. 14), served discovery responses in October 2018 (Doc. 15), served additional discovery responses in November 2018 (Doc. 21), participated in the Rule 16 scheduling conference in November 2018 (Doc. 22), served additional discovery responses in December 2018 (Doc. 24), briefed and argued a discovery dispute in December 2018 (Docs. 28, 30), and filed a motion to dismiss the second amended complaint ("SAC") in January 2019 (Doc. 39). In June 2019, the parties attended a mediation, but the mediation did not result in settlement. (Doc. 49). Afterward, Defendants filed an opposition to Plaintiff's motion to amend the SAC to add a new co-defendant (Doc. 52) and filed an opposition to Plaintiff's motion to enforce the parties' purported settlement agreement

(Doc. 59).

On September 12, 2019, the court held a hearing on Defendants' motion to dismiss the SAC, Plaintiff's motion to amend the SAC, and Plaintiff's motion to enforce the settlement agreement. (Doc. 74.) Defendants participated in this hearing and presented evidence. (*Id.*) The following day, the Court issued an order that granted, in part, Defendants' motion to dismiss the SAC and gave Plaintiff 14 days to file a third amended complaint ("TAC"). (Doc. 73.) On September 27, 2019, Plaintiff accepted this invitation and filed the TAC. (Doc. 76.)

In the pending application, Plaintiff seeks the entry of a default against Defendants under Rule 55 of the Federal Rules of Civil Procedure. (Doc. 77.) In a nutshell, Plaintiff contends that a default must be entered because Defendants were required to file an answer to the TAC within 14 days of when it was served on them (*i.e.,* by October 11, 2019) yet failed to do so. (*Id.*)

The application will be denied without prejudice. "Although a clerk's entry of default can be ministerial pursuant to Fed. R. Civ. P. 55(a), the court may decline to enter default when it is apparent that the default would be set aside on a motion." *Diamond v. Cty. of Riverside*, 2015 WL 11215850, *4 (C.D. Cal. 2015). Defendants have vigorously litigated this action until now. Moreover, the Court notes that the application and supporting declaration do not reflect that Plaintiff attempted to meet and confer with Defendants before filing the application. *Cole v. Asurion Corp.*, 2009 WL 10655707, *2 n.1 (C.D. Cal. 2009) ("The Court notes that while, strictly speaking, a defendant who fails to respond timely to the complaint is not entitled to any further notice before entry of default, professional courtesy dictates that a plaintiff warn such a defendant of its intention to seek a default before doing so.") (citation omitted). The Court will therefore afford Defendants a few more days to respond to the TAC.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for entry of default (Doc. 77) is denied without prejudice.

**IT IS ORDERED** that Defendants respond to the TAC by November 1, 2019.

Dated this 25th day of October, 2019.

Dominic W. Lanza
United States District Judge